UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION ANDERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. TALLERICO,<br><br>　　　　　Defendants. | Case No.: 1:13-cv-00507 - LJO - JLT (PC)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND<br><br>(Doc. 1) |

　　　Plaintiff Dion Anderson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on April 8, 2013, which the Court now screens pursuant to 28 U.S.C. § 1915 *et seq*. (Doc. 1). IN his complaint, Plaintiff alleges his grievances submitted to prison officials have not been addressed properly. For the reasons set forth below, the Court **DISMISSES** the complaint with leave to.

**I.　　SCREENING REQUIREMENT**

　　　Because Plaintiff seeks redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify any cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. §

1

1915(e)(2)(B)(i)-(iii).

## II.   PLEADING STANDARDS

### A.   Fed. R. Civ. P. 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1).  While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  (Id. at 1949) (internal quotation marks and citation omitted).  In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 1950.

### B.   42 U.S.C. § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a

plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation of which the plaintiff complains. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

### III. PLAINTIFF'S COMPLAINT

Plaintiff's cause of action arose during his incarceration at Kern Valley State Prison ("KSVP") located in Delano, California. (Doc. 1 at 4-9). Plaintiff names S. Tallerico, KSVP appeals coordinator, as the sole defendant to this matter. Id. at 3. His complaint is summarized as follows:

While housed at Corcoran State Prison ("Corcoran"), Plaintiff received "Priority Legal User" ("PLU") status on January 8, 2013. Id. at 4. Shortly thereafter, Plaintiff was transferred to KSVP on January 22, 2013. Id. He requested placement on PLU status upon his arrival. Id.

On February 1, 2013, Plaintiff requested that Mr. Olsen, KSVP's law librarian, copy his amended complaint in Case Number 1:12-CV-01839-AWI-DLB (PC),[1] which was pending in the U.S. District Court, Eastern District of California. Id. Plaintiff wished to obtain a copy for the purpose of mailing the amended complaint. Id. As the document exceeded 50 pages, Mr. Olsen declined to copy the document and Plaintiff filed an administrative grievance. Id. at 4-5.

Subsequently, Plaintiff visited the KSVP law library on February 7, 2013. Id. at 5. During the visit, Plaintiff learned that KSVP law library did not permit inmates to remove casebooks from the law library. Id. Plaintiff filed an administrative grievance concerning this policy. Id.

Following an appearance in the Municipal Division of the Kings County Superior Court on February 21, 2013, Plaintiff presented a "minute order" to Mr. Olsen. Id. Plaintiff again requested to be placed on PLU status, but Mr. Olsen refused. Id. Plaintiff filed another administrative grievance. Id.

February 22, 2013, and March 21, 2013, Defendant returned Plaintiff's administrative grievances to him on multiple occasions. Id. at 6-7. Defendant rejected Plaintiff's administrative

---

[1] The Court notes that Case Number 1:12-CV-01839-AWI-DLB (PC) is civil rights complaint based on 42 U.S.C. § 1983. Though the Court has not yet screened this complaint to determine whether it states a cognizable claim, a cursory review of the matter reveals that Plaintiff is seeking to pursue a class action based upon what he believes is the government "making money off" of criminal convictions. (Doc. 1)

3

grievances because Plaintiff failed to properly classify Mr. Olsen as a librarian, because he improperly attached certain documents to his appeal, because he attached three grievances as one, and because Plaintiff needed to clarify his complaints. Id. Finally, Mr. Fountain, a KVSP law librarian replied to Plaintiff's complaint against Mr. Olsen on March 28, 2013. Id. at 7.

Seemingly, Plaintiff objects to the technical and substantive procedures in place for submitting grievances to prison officials and, based thereon, complains the grievance procedure has been made unavailable.

## IV. DISCUSSION AND ANALYSIS

### A. Plaintiff has no right to a particular grievance procedure.

Plaintiff asserts a claim against Defendant for the handling of Plaintiff's administrative grievances. (Doc. 1 at 7-9). To the extent that Plaintiff alleges that Defendant ignored or impeded his inmate grievances, it is well-established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Therefore, when a prison official denies, screens-out, or ignores an inmate's grievance, the prison official does not deprive the inmate of any constitutional right. *See e.g.,* Wright v. Shannon, Case No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegation that prison officials denied or ignored his inmate appeals failed to state a cognizable claim); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788, at *6-7 (E.D. Cal. 2009) (plaintiff's allegation that prison officials failed to timely process his inmate appeals failed to state a cognizable claim); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegation that prison officials screened-out his inmate grievances without any basis failed to show a deprivation of federal rights).

Here, Plaintiff has no cause of action under 42 U.S.C. § 1983 against Defendant for the handling of his grievances. Plaintiff complains that Defendant "has not only returned [his] appeals on numerous grounds, but also delayed in filing the required documents so that the necessary investigation could ensue." Id. at 8. Plaintiff seems to contend that the procedures in place for submitting grievances are not permitted. However, because Plaintiff has no entitlement to any

1 grievance procedure, similarly, the provision of a grievance procedure that is unwieldy or is
2 administered haphazardly, does not state a constitutional claim. Therefore, the claim is **DISMISSED**.

**B. Plaintiff fails to state a cognizable First Amendment claim of denial of access to the courts.**

Plaintiff asserts a multifaceted First Amendment claim of denial of access to the courts against Defendant.[2] Under the First Amendment, prisoners have a right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).

In addition to demonstrating official acts frustrating the inmate's litigation, a prisoner asserting a backward-looking denial of access claim must show the loss of a "nonfrivolous" or "arguable" underlying claim. See Christopher v. Harbury, 536 U.S. 403, 413-414 (2002). The underlying claim must be set forth in the pleading claiming a denial of access to the courts "as if it were being independently pursued." Id. at 417. Finally, the plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Id. at 415.

Here, Plaintiff indicates that he has a "valid" criminal case and a "valid" federal petition pending. Thus, it is quite unclear how the failure to place Plaintiff on PLU status or refusing to copy an amended complaint[3] has deprived Plaintiff of access to the Court; to the contrary, the sheer number of cases Plaintiff has pending in this Court and others belies this claim. (Doc. 1 at 1-2) In any event, he does not describe the claims on which these two matters are based. More importantly, there is no showing that the actions of the officials impeded his right of access to the court.

---

[2] Plaintiff avers that Defendant denied him equal process, presumably under the Fourteenth Amendment, by failing to ensure that inmates at KVSP had the same level of access to the legal resources as that afforded to prisoners in other California correction facilities. However, a claim of access to legal resources triggers the First Amendment right of access to the Courts, rather than the due process clause of the Fourteenth Amendment.

[3] As noted above, in Anderson v. Brown, case number 1:12-CV-01839 AWI DLB (PC), the Court has not yet screened his original complaint and there is no indication on the docket Plaintiff does not wish to proceed on this original claim. This is true also as to Anderson v. Tallerico, case number 1:12-cv-01966 LJO DLB and Anderson v. Kimbrell, case number 1:13-cv-00378 AWI DLB.

Without such facts, it is impossible to determine whether Plaintiff suffered the loss of a nonfrivolous claim. Similarly, he does not indicate that the present suit is the only means by which Plaintiff may obtain relief. Thus, the claim is **DISMISSED**.

ii. There is no showing of an actual injury caused by Defendant.

A plaintiff must allege "actual injury" as the threshold requirement to any First Amendment claim of denial of access to the Courts. *See* Lewis, 518 U.S. at 351-53. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. The failure to demonstrate an actual injury is jurisdictional. Alvarez v. Hill, 518 F.3d 1152, 1155 (9th Cir. 2008) ("Failure to show that a "nonfrivolous legal claim had been frustrated" is fatal").

Plaintiff alleges that he was injured when he was denied additional access to case law, when he was not placed on PLU status at KVSP, and when Mr. Olsen declined to copy his amended complaint. (Doc. 1 at 4, 5, 8). However, Plaintiff never indicates Defendant *personally* participated in depriving Plaintiff of some supposed right. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002). Thus, Plaintiff fails to state a cognizable claim against Defendant pursuant to 42 U.S.C. § 1983. Id. Therefore, the complaint against Defendant is **DISMISSED**.

Assuming *arguendo* that Defendant had engaged in some action against Defendants, Plaintiff still fails to provide any facts that demonstrate he sustained an actual injury, as discussed below:

1. Plaintiff does not have an unlimited right to access the law library.

Despite Plaintiff's claim, inmates do *not* have a "freestanding right" to access a law library or legal assistance. Lewis v. Casey, 518 U.S. 343, 351 (1996). The accessibility or adequacy of a law library is of constitutional concern only when it thwarts a prisoner from exercising his right to access the courts for the purpose of seeking redress for "claimed violations of fundamental constitutional rights." Id. (quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)). Moreover, an inmate must demonstrate that he suffered "actual injury" because of deficiencies in law library access or materials, "such as the inability to meet a filing deadline or to present a claim" in a direct appeal, habeas petition, or a § 1983 action. Lewis, 518 U.S. at 348, 355. As the United States Supreme Court has explained:

> "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary."

Id. at 351.

Here, Plaintiff indicates that he has a valid "criminal case pending" and a federal petition, which the Court notes is a 42 U.S.C. § 1983 matter. (Doc. 1 at 9-10). However, he fails to allege any need to access the law library to plead his cases. *See* Lewis, 518 U.S. at 354-55; Madrid v. Gomez, 190 F.3d 990, 995 (9th Cir. 1999); Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995) ("[W]e conclude the Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action.")."

Moreover, the fact he wants the "paging" system to be put in place at KVSP so he "could properly prepare" for his cases, coupled with his discussion of its use at other correctional facilities[4], indicates nothing more than Plaintiff's belief that KVSP's law library system is theoretically subpar in comparison to those at other correctional facilities. Furthermore, Plaintiff never indicates or provides factual support for the proposition that he was denied access to the law library at any time despite not being afforded PLU status. Thus, Plaintiff fails to state a cognizable First Amendment claim of denial of access to the courts. Therefore, the claim is **DISMISSED.**

>  2. <u>Plaintiff has not shown that the failure to provide copies foreclosed a remedy before the courts</u>.

The right to access to the courts includes the right to receive basic tools such as pens and paper where they are necessary to filing the action. Bounds v. Smith, 430 U.S. 817, 821 (1977), *limited in part on other grounds by* Lewis, 518 U.S. at 354. This includes also a means of making accurate copies, where they are required to file a pleading. Allen v. Sakai, 48 F.3d 1082, 1089 (9th Cir. 1994). A plaintiff must demonstrate that prison officials' failure to provide the necessary copies for filing a pleading foreclosed Plaintiff's remedy before the court. *See* Allen, 48 F.3d at 1085-1086.

---

[4] It is presumed that the "paging request" forms would enable inmates to return with case law to their cells to study the law.

Plaintiff asserts that it was Mr. Olsen, not Defendant, who refused to copy Plaintiff's amended complaint. Plaintiff provides no facts to indicate that the Court would not have accepted his complaint without the copies. In fact, it appears that Plaintiff wished to have a copy of the pleading for his own records, rather than to meet a requirement set forth by the Court. Thus, Plaintiff fails to state a cognizable claim and Plaintiff's first amendment claim for denial of access to the courts is **DISMISSED.**

## V. LEAVE TO AMEND

The Court will provide Plaintiff a <u>final</u> opportunity to amend his pleading to cure the deficiencies noted in this order. *See* <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his first amended complaint, **<u>Plaintiff must address the deficiencies noted in this Order. Plaintiff is advised that his failure to do so will result in an order dismissing this action</u>.**

In addition, Plaintiff is cautioned that in his amended complaint he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that once he files his first amended complaint, his original pleadings are superceded and no longer serve any function in the case. *See* <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the first amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

Finally, Plaintiff's first amended complaint **SHALL** comply with Fed. R. Civ. P. 8(a). While Plaintiff admirably set forth his original complaint in ten pages, Plaintiff unnecessarily attached 55 pages of exhibits to his original complaint. There is no need to attach exhibits to Plaintiff's first amended complaint. Therefore, **<u>Plaintiff's first amended complaint, including the attached exhibits, SHALL NOT exceed 20 pages</u>**.

**ORDER**

For the reasons stated above, the Court **HEREBY ORDERS** that:

1. The complaint (Doc. 1) is **DISMISSED for failure to state a cognizable claim;**

2. Plaintiff is **GRANTED** 21 days from the date of service of this Order, to file a first amended complaint that addresses the deficiencies set forth in this Order. The first amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint" and **SHALL NOT** exceed 20 pages including all exhibits and attachments thereto;

3. The Clerk of the Court is **DIRECTED** to send Plaintiff the form complaint for use in a civil rights action; and

4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **May 7, 2013**                             **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE