UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION ANDERSON,<br><br>    Petitioner,<br><br>    v.<br><br>S. TALLERICO,<br><br>    Defendant. | Case No.: 1:13-cv-00507 LJO JLT<br><br>ORDER DISMISSING THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br>(Doc. 13)<br><br>FINDING AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br>(Doc. 14) |

    Plaintiff Dion Anderson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in a prisoner civil rights action pursuant to 42 U.S.C. § 1983.  The Court dismissed Plaintiff's original complaint on May 7, 2013, but granted him leave to file an amended complaint. (Doc. 11 at 9).  Before the Court is Plaintiff's 16-page first amended complaint (Doc. 13) filed on June 6, 2013 and his 123-page motion for preliminary injunction (Doc. 14) filed the following day.

    As required, the Court screens Plaintiff's first amended complaint (Doc. 13) and recommends the first amended complaint be **DISMISSED without leave to amend.**  Further, the Court recommends that Plaintiff's motion for preliminary injunction be **DENIED.**

I.    <u>FIRST AMENDED COMPLAINT</u>

  **A.  <u>Screening Requirement</u>**

    As Plaintiff seeks redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify any cognizable claims. 28 U.S.C. § 1915A(a)-

(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

### B. Pleading Standards

1. Fed. R. Civ. P. 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets aside all conclusory allegations aside and accepts all non-conclusory factual allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 676-684 (2009).In doing so, it determines whether there are sufficient factual allegations to state a claim for relief that is plausible on its face. Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." (Id. at 678) (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 679.

As a preliminary matter, in granting Plaintiff leave to amend his complaint, the Court expressly mandated that "**Plaintiff's first amended complaint, including the attached exhibits,**

1  **SHALL NOT exceed 20 pages**." (Doc. 11 at 8) (emphasis in the original).  Plaintiff was also advised that he must set forth a plain and concise statement of his claim. Fed. R. Civ. P. 8(a); Doc. 11 at 2.  However, in the first amended complaint, Plaintiff indicates that he desires the Court "to [O]rder [the] attached "Preliminary Injunctive Relief" (Id. at 4) as the relief he seeks.  This motion is 123 pages long.  (Doc. 14)

Because Plaintiff has been well-advised as to an acceptable length of his complaint, the Court presumes that Plaintiff's reference to his motion for preliminary injunction simply is an indication that he seeks only injunctive relief if he is successful in this litigation and not as an attempt to incorporate the motion into the complaint.  In any event, the Court declines to consider the motion when evaluating the sufficiency of the complaint.

2.   42 U.S.C. § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation of which the plaintiff complains. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).  42 U.S.C. § 1983 does not create substantive rights, but rather serves as a vehicle to protect federal rights which have been established elsewhere. Graham v. Connor, 490 U.S. 386, 393-394 (1989).

**C. Factual Allegations**

Plaintiff's cause of action arose during his incarceration at Kern Valley State Prison ("KVSP") located in Delano, California. (Doc. 13).  Plaintiff names N. Olsen, KVSP's law librarian, as the sole defendant to this matter. Id. at 3.  His complaint is summarized as follows:

While housed at Corcoran State Prison ("Corcoran"), Plaintiff received "Priority Legal User" ("PLU") status on January 8, 2013. Id. at 4.  Shortly thereafter, Plaintiff was transferred to KVSP on January 22, 2013. Id.  He requested to be placed on PLU status on January 27, 2013. Id.

Defendant permitted Plaintiff to attend the law library on February 1, 2013, so he could research and prepare for a preliminary hearing in his criminal matter. Id. at 5.  While in the law library, Plaintiff requested Defendant copy his amended complaint in Case Number 1:12-CV-01839-AWI-DLB (PC),[1] which was pending in the U.S. District Court, Eastern District of California. Id. Plaintiff wished to obtain a copy for the purpose of mailing the amended complaint. Id.  As the document exceeded 50 pages, Mr. Olsen declined to copy the document. Id.

Plaintiff visited the KVSP law library on February 7, 2013, and February 13, 2013, to again prepare for a preliminary hearing in his pending criminal matter. Id.  During his February 7, 2013 visit, Plaintiff requested that Defendant copy his amended complaint and was informed that the copies would be ready the following week. Id.

Plaintiff's preliminary hearing was continued on February 21, 2013.  Id. at 6.  Subsequently, on February 27, 2013, Plaintiff requested to again be placed on PLU status. Id.  He presented his "Minute Order" from the California Superior Court in support of his request. Id. at 6.  According the complaint, Defendant has denied Plaintiff meaningful access to the law library since February 21, 2013. Id.

**D. Discussion and Analysis of Plaintiff's First Amendment Claim**

Under the First Amendment, prisoners have a right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996).  The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354.  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).

    1. Failure to demonstrate a nonfrivolous claim

In addition to demonstrating official acts frustrating the inmate's litigation, a prisoner

---

[1] The Court notes that in this civil rights action, the Court ordered the matter dismissed with leave to amend on May 17, 2013 because it failed to state a cognizable claim, but granted Plaintiff leave to amend his complaint. (Doc. 15). Also, Anderson v. Cahlander, case number 1:12-cv-01966 LJO DLB, was dismissed with leave to amend on June 7, 2013 for the same reason.  In that order, the Court found that the similar state-law action brought by Plaintiff was dismissed for failure to exhaust his administrative remedies.  (Case number 1:12-cv-01966 LJO DLB [Doc. 15 at 3, n. 1])

4

asserting a backward-looking denial of access claim must show the loss of a "nonfrivolous" or "arguable" underlying claim. *See* Christopher v. Harbury, 536 U.S. 403, 413-414 (2002). The underlying claim must be set forth in the pleading claiming a denial of access to the courts "as if it were being independently pursued." Id. at 417. Finally, the plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Id. at 415.

Here, Plaintiff indicates he has a pending criminal proceeding and a pending civil rights matter before this Court - Case Number 1:12-cv-01893 – in which he attempts to assert a class action. (Doc. 13 at 5). Thus, it is unclear how the failure to place Plaintiff on PLU status or refusing to copy an amended complaint[2] has deprived Plaintiff of access to the Court; to the contrary, the sheer number of cases Plaintiff has pending in this Court belies this claim. (Doc. 13 at 1-2) In any event, he *again* does not describe the claims on which these two matters are based. More importantly, there is no showing that the actions of the officials impeded his right of access to the court.[3]

Without such facts, it is impossible to determine whether Plaintiff suffered the loss of a nonfrivolous claim. Similarly, he does not indicate that the present suit is the only means by which Plaintiff may obtain relief.

        2. <u>Failure to show an actual injury</u>

A plaintiff must allege "actual injury" as the threshold requirement to any First Amendment claim of denial of access to the Courts. *See* Lewis, 518 U.S. at 351-53. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Id. The failure to demonstrate an actual injury is jurisdictional. Alvarez v. Hill, 518 F.3d 1152, 1155 (9th Cir. 2008) ("Failure to show that a "nonfrivolous legal claim had been frustrated" is fatal").

---

[2] Seemingly, in Anderson v. Brown, case number 1:12-CV-01839 AWI DLB (PC) and Anderson v. Cahlander, case number 1:12-cv-01966 LJO DLB in both matters the Court screened the complaints Plaintiff desired to submit. Notably, in the former matter he has objected to the order dismissing the case by citing significant case authority.

[3] In any event, as noted above in footnote 1, the Court has found neither Anderson v. Brown, case number 1:12-CV-01839 AWI DLB (PC) nor Anderson v. Cahlander, case number 1:12-cv-01966 LJO DLB to be meritorious.

5

Plaintiff alleges that he was injured when he was not placed on PLU status at KVSP and when Mr. Olsen declined to copy his amended complaint. (Doc. 13 at 6).  However, as discussed below, Plaintiff fails to provide any facts that demonstrate he sustained an actual injury:

        i.      Right of Access to the Law Library.

Despite Plaintiff's claim, inmates do *not* have a "freestanding right" to access a law library or legal assistance. Lewis v. Casey, 518 U.S. 343, 351 (1996).  The accessibility or adequacy of a law library is of constitutional concern only when it thwarts a prisoner from exercising his right to access the courts for the purpose of seeking redress for "claimed violations of fundamental constitutional rights."  Id. (quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)).  Moreover, an inmate must demonstrate that he suffered "actual injury" because of deficiencies in law library access or materials, "such as the inability to meet a filing deadline or to present a claim" in a direct appeal, habeas petition, or a § 1983 action.  Lewis, 518 U.S. at 348, 355.  As the United States Supreme Court has explained: "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." Id. at 351.

Here, Plaintiff claims he needed to access the law library to prepare for his preliminary hearing in a pending criminal.  Notably, Plaintiff admits he was permitted to attend the law library three times in February 2013.  (Doc. at 5)  All three times were in advance of the preliminary hearing which, ultimately, was continued to a later date.[4] Id. at 6.  Thus, there is no basis upon which the Court could conclude that this amount of law library access was unreasonable or, more importantly, he sustained injury thereby.[5]  Thus, Plaintiff fails to state a cognizable First Amendment

---

[4] Exactly what "meaningful research and preparation" Plaintiff was undertaking in advance of his preliminary hearing, given the nature of a preliminary hearing and the unlikelihood that he was not represented in that action, is not explained.

[5] While the Court does not consider Plaintiff's motion for preliminary hearing (Doc. 14) in screening his first amended complaint, the Court notes that in the motion, Plaintiff alleges his "Pitchess Motion" was denied. (Doc. 14 at 6).  He avers that the denial of access to the law library contributed to this denial which caused him to be unable to "identify a cognitive defense." (Doc. 14 at 7).  Given that a "Pitchess Motion" seeks a "peace officer's personnel records," (Turner v. Spence, CIV S-07-0022GGHP, 2008 WL 927709, at * 9 (E.D. Cal. Apr. 4, 2008)), and is not a final

claim of denial of access to the courts. Therefore, Court recommends the claim be **DISMISSED.**

                ii.       <u>Failure to Provide Copies</u>.

The right to access to the courts includes the right to receive basic tools such as pens and paper where they are necessary to filing the action. <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977), *limited in part on other grounds by* <u>Lewis</u>, 518 U.S. at 354. This includes also a means of making accurate copies, where they are required to file a pleading. <u>Allen v. Sakai</u>, 48 F.3d 1082, 1089 (9th Cir. 1994).  A plaintiff must demonstrate that prison officials' failure to provide the necessary copies for filing a pleading foreclosed Plaintiff's remedy before the court. *See* <u>Allen</u>, 48 F.3d at 1085-1086.

Plaintiff asserts Defendant refused to copy Plaintiff's amended complaint.  Plaintiff *again* provides no facts to indicate that the Court would not have accepted his complaint without the copies.  In fact, it again appears that Plaintiff wished to have a copy of the pleading for his own records, rather than to meet a requirement set forth by the Court.

Finally, a review of the docket in <u>Anderson v. Brown</u>, Case Number 1:12-cv-01839-AWI-DLB, indicates that Plaintiff's complaint was dismissed with leave to file an amended complaint for Plaintiff's failure to state a claim. (Doc. 15).   In addition, Plaintiff timely filed a 10-page "Motion to Reconsider" on June 7, 2013, (Doc. 16) in the same matter, which is replete with extensive legal citation and in-depth argument.  As such, the Court cannot now find that Plaintiff has been denied access to the Court because of Defendant's failure to provide him copies.  Plaintiff has failed to demonstrate that he sustained any actual injury in regard to Case Number 1:12-cv-01839-AWI-DLB. Therefore, the Court recommends that this matter be **DISMISSED**.

        3.   Conclusion

The Court has informed Plaintiff on two separate occasions of the standard needed to assert a cognizable First Amendment claim of denial of access to the Court.[6]  Despite his knowledge, Plaintiff again fails to state a cognizable First Amendment claim of denial of access to the courts.

---

judgment in his criminal matter and it has no bearing on whether Plaintiff can present a "cognitive defense," Plaintiff again fails to demonstrate that he sustained any injury to his criminal matter.

    [6] In addition to the present matter, the Court also advised Plaintiff of the legal standard required to assert a claim of denial of access to the Courts in <u>Anderson v. Brown</u>, Case No. 1:12-cv-01839-AWI-DLB (PC), Doc. 15, dated May 17, 2013.

Thus, the Court **RECOMMENDS** that Plaintiff's claim be **DISMISSED without leave to amend.**

## II.     Motion for Preliminary Injunction.

Plaintiff moves the Court to require Defendant Olsen and Kern Valley State Prison ("KVSP") administrators to provide him photocopying services, grant him "priority legal user" status, and to provide him with better legal research materials. (Doc. 14 at 1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24 (citation omitted). It may be awarded only upon a clear showing that the movant is entitled to relief. Id. A stronger showing of one element may offset a weaker showing of another. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-35 (9th Cir. 2011) (the sliding scale approach to balancing the elements for a preliminary injunction survives Winters). However, while the elements may be balanced, all four factors must be present in order to warrant injunctive relief. Id. at 1052-53.

As a preliminary matter, Defendant Olsen has not been served with the complaint and KVSP administrators were not named in the complaint. As a result, the Court lacks personal jurisdiction over the named defendant and the KVSP administrators set forth in Plaintiff's Motion for Injunction. "A federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*" Zepeda v. United States Immigration Service, 753 F.3d 719, 727 (9th Cir. 1985) (emphasis added).

Moreover, Plaintiff has made no showing of irreparable injury. His claim that he is being denied photocopying services or that he lacks sufficient access to legal research materials called in question by the fact that he now presents a 123-page Motion to the Court. Likewise, he is actively

litigating four cases[7] in the Court without any demonstration that the difficulty he faces in accessing the law library inhibits his ability to prosecute those actions in any meaningful way.  Finally, in light of the Court's recommendation issued herewith that this action be dismissed, the Court finds Plaintiff is not likely to succeed on the merits of this case.  A review of each matter indicates that Plaintiff has submitted a plethora of voluminous pleadings which contained citation to a significant number of legal authorities and as recently as June 7, 2013. (Anderson v. Brown, Case Number 1:12-cv-01839-AWI-DLB (E.D. Cal) [Doc. 16])

## FINDINGS AND RECOMMENDATIONS

Accordingly, for the reasons set forth above, the Court **RECOMMENDS**:

1. Plaintiff's first amended complaint (Doc. 13) be **DISMISSED without leave to amend** for failure to state a claim**;** and

2. Plaintiff's June 7, 2013, Motion (Doc. 14) be **DENIED**.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Any document containing written objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order**.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 27, 2013**                          **/s/ Jennifer L. Thurston**
                                                                   UNITED STATES MAGISTRATE JUDGE

---

[7] Plaintiff is currently litigating the following matters before this Court: Anderson v. Cahlander, Case Number 1:12-cv-01966-LJO-DLB; Anderson v. Brown, Case Number 1:12-cv-01839-AWI-DLB (E.D. Cal); Anderson v. Kimbrell, Case Number 1:13-cv-0378-AWI-DLB (E.D. Cal.); and Anderson v. Tallerico, Case Number 1:13-cv-0507 (E.D. Cal.)