UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION ANDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>S. TALLERICO, et al.,<br><br>    Defendant. | Case No.: 1:13-cv-00507  LJO JLT (PC)<br><br>ORDER CONSTRUING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS AS A MOTION TO RECONSIDER THE JUDGMENT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER THE JUDGMENT<br><br>(Doc. 19) |

Plaintiff Dion Anderson is a state prisoner proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983.  On July 1, 2013, the Magistrate Judge issued amended Findings and Recommendations for dismissal of the matter without leave to amend and for denial of Plaintiff's motion for injunctive relief. (Doc. 16). Pursuant to Local Rule 304, the Magistrate Judge granted Plaintiff 14 days in which to file his objection to the Findings and Recommendations. Id. Plaintiff failed to respond. The Court subsequently adopted the Findings and Recommendations in full, and the matter was closed on July 19, 2013. (Doc. 17 and 18).

However, on July 26, 2013, Plaintiff filed a document entitled "Petitioner's Objections to Magistrate Judge's Findings and Recommendations." (Doc. 19).  Plaintiff reports that he received the Magistrate Judge's amended Findings and Recommendations (Doc. 16) on July 10, 2013, and tenders a "timely" response by mailing his objections on July 18, 2013. (Doc. 19 at 1).

1

As a final judgment was entered on this matter on July 19, 2013, the Court construes Plaintiff's present motion as a motion to reconsider. To the extent that Plaintiff seeks relief pursuant to Federal Rule of Civil Procedure 60(b), such relief is not warranted in this case. Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. However, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). Accordingly, "reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law" and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). *See also* Local Rule 230(j) (requiring the party seeking reconsideration to demonstrate, among other things, what new or different facts or circumstances are claimed to exist which did not exist at the time of the prior motion).

In his objections, essentially, Plaintiff reiterates the facts stated in his amended complaint. Plaintiff also presents extraneous and irrelevant arguments related to whether he has stated a cognizable First Amendment claim. Moreover, Plaintiff argues that the Magistrate Judge ignored California law by applying United States Supreme Court precedent to Plaintiff's First Amendment claim of denial of access to the court. *See* (Doc. 19). Specifically, the Plaintiff contends that "contrary to the United [S]tates Supreme Court's former notion, that: "prison disciplinary proceedings are not part of a criminal prosecution… [because] California enacted [a statute] where California's prison disciplinary proceedings became integral to the Criminal Justice System." (Doc. 19 at 3).[1] Plaintiff concludes that limiting First Amendment claims denial of access to the Courts to "direct appeals[] or habeas petitions[,] would invite the arbitrary notion that an inmate has no First, Fifth, Sixth, or Fourteenth Amendment right to any research, or meaningful preparation." Id. at 4.

---

[1] Nowhere in the record does Plaintiff claim he was denied access to the law library during a prison disciplinary proceeding. As such, the Court is at a loss to determine the relevance of this argument.

Despite Plaintiff's preference for California law, the law, as announced by the United States Supreme Court is the ultimate law of the land and the Court declines to ignore its precedent. Based thereon, it is clear Plaintiff does not have an unfettered right to access the law library. <u>Lewis</u>, 518 U.S. at 354. The Court notes also that Plaintiff's numerous legal citations and his extensive analysis of the legal authority set forth in his objections, belies his claim that he has been systematically denied use of the law library and, consequently, denied access to the Courts. Finally, Plaintiff's failure to demonstrate *any* actual injury sustained by the violations alleged in his amended complaint is determinative of claim.

Finally, the Court notes that had Plaintiff submitted his objections in the time prescribed by the Court, his submission would not have modified the Court's adoption of the Findings and Recommendations. Plaintiff presents no further arguments beyond than those raised in his amended complaint. Thus, reopening the matter would be futile.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's July 26, 2013, motion for reconsideration (Doc. 19) is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 31, 2013**            **/s/ Lawrence J. O'Neill**
                                      UNITED STATES DISTRICT JUDGE