IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION ANDERSON,<br><br>  Plaintiff,<br><br>  v.<br><br>S. TALLERICO, et al.,<br><br>  Defendants. | Case No. 1:13-cv-507-LJO-JLT (PC)<br><br>ORDER REVOKING IN FORMA PAUPERIS STATUS ON APPEAL<br><br>(Doc. 26) |

Plaintiff is a state prisoner proceeding *pro se* and in *forma pauperis*. On July 19, 2013, the Court dismissed this case based upon Plaintiff's failure to state a claim. (Doc. 18). This occurred only after Plaintiff's two unsuccessful attempts to state facts sufficient to support a cognizable claim, (Docs. 1, 13), and the Court providing Plaintiff explicit instruction as to the deficiencies of his complaint. (Doc. 11).

Soon thereafter, Plaintiff filed a motion for reconsideration. (Doc. 19). In denying the motion for reconsideration, the Court specifically noted that Plaintiff wished the Court to reconsider the judgment because the Court applied United States Supreme Court precedent to Plaintiff's First Amendment claim while ignoring California law. (Doc. 20). The Court concluded that Plaintiff's failure to demonstrate that he sustained *any* injury was determinative to the Court's finding that Plaintiff failed to state a claim. Id. Plaintiff subsequently appealed to the Court's judgment to the Ninth Circuit Court of Appeals on August 23, 2013. (Doc. 23).

On September 5, 2013, the Ninth Circuit referred the matter back to this Court for the limited purpose of deciding whether Plaintiff's in forma pauperis status should continue on appeal. (Doc. 26). For the reasons set forth below, the Court concludes that it should not.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Ellis v. United States, 356 U.S. 674 (1958). An action is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In other words, the term "frivolous", as used in § 1915 and when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id.

In his first amended pleading, Plaintiff sets forth a myriad of complaints relating to Kern Valley State Prison ("KVSP")'s law librarian, N. Olsen. (Doc. 13). However, none state a claim.

For example, Plaintiff complains that Olsen failed to provide him with "Priority Legal User" status and declined to copy Plaintiff's first amended complaint. However, Plaintiff failed to explain how Olsen's actions caused him any damage. Furthermore, the sheer number of cases Plaintiff has pending before this Court belies Plaintiff's claim that he has somehow been denied access to the courts.

Moreover, Plaintiff avers that Olsen denied him access to the law library prior to Plaitntiff's preliminary hearing. He notably admits that he attended the law library three times prior to his preliminary hearing. Plaintiff alleges that Olsen's denial of further acess to the law library caused him to lose a "Pitchness Motion." Notably, a "Pitchness Motion" had no bearing on Plaintiff's criminal judgment and his ability to present a "cognitive defense." Plaintiff was required to demonstrate the loss of a nonfrivolous claim. However, he has failed to do so.

Based upon the foregoing, the Court finds that the appeal from the dismissal of the action lacks an arguable basis either in law or in fact and is not taken in good faith.

Accordingly, it is **HEREBY ORDERED** that:

1. The Court certifies that Plaintiff's appeal is not taken in good faith and

Plaintiff's in forma pauperis status is **REVOKED**; and

        2.     The Clerk of the Court is directed to forward a copy of this order to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   **September 11, 2013**           /s/ Lawrence J. O'Neill
                                                                     UNITED STATES DISTRICT JUDGE